GARY M. RESTAINO
United States Attorney
District of Arizona

ANDREW C. STONE
Arizona State Bar No. 026543
SETH T. GOERTZ
Arizona State Bar No. 031645
Assistant U.S. Attorneys
Two Renaissance Square
40 N. Central Avenue, Suite 1800
Phoenix, Arizona 85004-4408
Telephone: (602) 514-7500
Email: Andrew.Stone@usdoj.gov
            Seth.Goertz@usdoj.gov
*Attorneys for Plaintiff*

# IN THE UNITED STATES DISTRICT COURT

## FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| United States of America,<br><br>                 Plaintiff,<br>vs.<br><br>Dale Lawrence Hipes,<br><br>                 Defendant. | Case No. CR-21-00199-PHX-MTL<br><br>**JOINT PROPOSED JURY<br>INSTRUCTIONS** |

The United States and Defendant Dale Lawrence Hipes submit the following jury instructions, which are based on the *Ninth Circuit Manual of Model Jury Instructions: Criminal* (2022) and, where relevant, the applicable statute or case law. The instructions are listed by category in the table at pages 2–4 below. Where applicable, Defendant's requested additions to the model instructions are provided in **bold**.

## I.  Preliminary Instructions

| No. | Instruction |
|---|---|
| 1.1 | Duty of Jury |
| 1.2 | The Charge—Presumption of Innocence |
| 1.3 | What Is Evidence |
| 1.4 | What Is Not Evidence |
| 1.5 | Direct and Circumstantial Evidence |
| 1.6 | Rule of Objections |
| 1.7 | Credibility of Witnesses |
| 1.8 | Conduct of the Jury |
| 1.9 | No Transcript Available to Jury |
| 1.10 | Taking Notes |
| 1.11 | Outline of Trial |
| 1.14 | Questions to Witnesses by Jurors During Trial |
| 1.16 | Bench Conferences and Recesses |

## II.  Mid-Trial Instructions

| No. | Instruction |
|---|---|
| 2.1 | Cautionary Instruction—First Recess |
| 2.3 | Stipulations of Fact (As Needed) |
| 2.4 | Judicial Notice (As Needed) |
| 2.6 | Transcript of Recording |
| 2.12 | Evidence for Limited Purpose (As Needed) |

## III.  Final Instructions

| No. | Instruction |
|-----|-------------|
| 3.1 | Statement by Defendant |
| 3.8 | Impeachment Evidence, Witness (As Needed) |
| 3.14 | Opinion Evidence, Expert Witness (As Needed) |
| 3.15 | Dual Role Testimony (As Needed) |
| 3.16 | Charts and Summaries Not Admitted into Evidence (As Needed) |
| 3.17 | Charts and Summaries Admitted into Evidence (As Needed) |

## A.    Responsibility

| No. | Instruction |
|-----|-------------|
| 4.8 | Knowingly |
| 4.13 | Intent to Defraud |

## B.    Jury Deliberations

| No. | Instruction |
|-----|-------------|
| 6.1 | Duties of Jury to Find Facts and Follow Law |
| 6.2 | Charge Against Defendant Not Evidence—Presumption of Innocence—Burden of Proof |
| 6.3 | Defendant's Decision Not to Testify (As Needed) |
| 6.4 | Defendant's Decision to Testify (As Needed) |
| 6.5 | Reasonable Doubt—Defined |
| 6.6 | What Is Evidence |
| 6.7 | What Is Not Evidence |

| 6.8 | Direct and Circumstantial Evidence |
| 6.9 | Credibility of Witnesses |
| 6.10 | Activities Not Charged (As Needed) |
| 6.11 | Separate Consideration of Multiple Counts—Single Defendant |
| 6.18 | On or About – Defined |
| 6.19 | Duty to Deliberate |
| 6.20 | Consideration of Evidence—Conduct of the Jury |
| 6.21 | Use of Notes |
| 6.22 | Jury Consideration of Punishment |
| 6.23 | Verdict Form |
| 6.24 | Communication With Court |

## C. Wire Fraud

| No. | Instruction |
| --- | --- |
| 15.35 | Wire Fraud (18 U.S.C. § 1343) |

## D. Transactional Money Laundering

| No. | Instruction |
| --- | --- |
| 18.7 | Money Laundering (18 U.S.C. § 1957) |

## 1.1  DUTY OF JURY[1]

[Stipulated]

Jurors: You now are the jury in this case, and I want to take a few minutes to tell you something about your duties as jurors and to give you some preliminary instructions. At the end of the trial I will give you more detailed [written] instructions that will control your deliberations.

When you deliberate, it will be your duty to weigh and to evaluate all the evidence received in the case and, in that process, to decide the facts. To the facts as you find them, you will apply the law as I give it to you, whether you agree with the law or not. You must decide the case solely on the evidence and the law before you.

Perform these duties fairly and impartially. You should not be influenced by any person's race, color, religious beliefs, national ancestry, sexual orientation, gender identity, gender, or economic circumstances. Also, do not allow yourself to be influenced by personal likes or dislikes, sympathy, prejudice, fear, public opinion, or biases, including unconscious biases. Unconscious biases are stereotypes, attitudes, or preferences that people may consciously reject but may be expressed without conscious awareness, control, or intention. Like conscious bias, unconscious bias can affect how we evaluate information and make decisions.

---

[1] *Source*: Ninth Circuit Manual of Model Criminal Jury Instructions (2022 ed.) ("9th Cir. Manual"), § 1.1.

## 1.2 THE CHARGE—PRESUMPTION OF INNOCENCE[2]

### [Stipulated]

This is a criminal case brought by the United States government. The government charges the defendant with four counts of wire fraud and four counts of transactional money laundering. The charges against the defendant are contained in an indictment. An indictment simply describes the charges the government brings against the defendant. The indictment is not evidence and does not prove anything. The indictment will not be read to you. [As necessary: I will instead read the final Statement of the Case.]

The defendant has pleaded not guilty to the charges and is presumed innocent unless and until the government proves the defendant guilty beyond a reasonable doubt. In addition, the defendant has the right to remain silent and never has to prove innocence or to present any evidence.

To help you follow the evidence, I will now give you a brief summary of the four elements of wire fraud that the government must prove:

First, the defendant knowingly devised or intended to devise a scheme or plan to defraud, or a scheme or plan for obtaining money or property by means of false or fraudulent pretenses, representations, or promises to investors, or omitted facts. Deceitful statements of half-truths may constitute false or fraudulent representations;

Second, the statements made or facts omitted as part of the scheme were material; that is, they had a natural tendency to influence, or were capable of influencing, a person to part with money or property;

Third, the defendant acted with the intent to defraud, that is, the intent to deceive and cheat; and

Fourth, the defendant used, or caused to be used, an interstate or foreign wire communication to carry out or attempt to carry out an essential part of the scheme.

---

[2] *Source*: 9th Cir. Manual, § 1.2, § 15.35.

I will also give you a brief summary of the five elements of transactional money laundering that the government must prove:

First, the defendant knowingly engaged or attempted to engage in a monetary transaction;

Second, the defendant knew the transaction involved criminally derived property;

Third, the property had a value greater than $10,000;

Fourth, the property was, in fact, derived from wire fraud; and

Fifth, the transaction occurred in the United States.

### 1.3  WHAT IS EVIDENCE[3]

[Stipulated]

The evidence you are to consider in deciding what the facts are consists of:

(1)     the sworn testimony of any witness;

(2)     the exhibits that are received in evidence; and

(3)     any facts to which the parties agree.

---

[3]  *Source*: 9th Cir. Manual, § 1.3.

### 1.4  WHAT IS NOT EVIDENCE[4]

[Stipulated]

The following things are *not* evidence, and you must not consider them as evidence in deciding the facts of this case:

(1) statements and arguments of the attorneys;

(2) questions and objections of the attorneys;

(3) testimony that I instruct you to disregard; and

(4) anything you may see or hear when the court is not in session even if what you see or hear is done or said by one of the parties or by one of the witnesses.

---

[4] *Source*: 9th Cir. Manual, § 1.4.

## 1.5  DIRECT AND CIRCUMSTANTIAL EVIDENCE[5]

[Stipulated]

Evidence may be direct or circumstantial. Direct evidence is direct proof of a fact, such as testimony by a witness about what that witness personally saw or heard or did. Circumstantial evidence is indirect evidence, that is, it is proof of one or more facts from which one can find another fact.

You are to consider both direct and circumstantial evidence. Either can be used to prove any fact. The law makes no distinction between the weight to be given to either direct or circumstantial evidence. It is for you to decide how much weight to give to any evidence.

---

[5] *Source*: 9th Cir. Manual, § 1.5.

# 1.6 RULE OF OBJECTIONS[6]

[Stipulated]

There are rules of evidence that control what can be received in evidence. When a lawyer asks a question or offers an exhibit in evidence and a lawyer on the other side thinks that it is not permitted by the rules of evidence, that lawyer may object. If I overrule the objection, the question may be answered or the exhibit received. If I sustain the objection, the question cannot be answered, or the exhibit cannot be received. Whenever I sustain an objection to a question, you must ignore the question and must not guess what the answer would have been.

Sometimes I may order that evidence be stricken from the record and that you disregard or ignore the evidence. That means that when you are deciding the case, you must not consider the evidence that I told you to disregard.

---

[6] *Source*: 9th Cir. Manual, § 1.6.

## 1.7  CREDIBILITY OF WITNESSES[7]
[Stipulated]

In deciding the facts in this case, you may have to decide which testimony to believe and which testimony not to believe.  You may believe everything a witness says, or part of it, or none of it.

In considering the testimony of any witness, you may take into account:

(1)   the witness's opportunity and ability to see or hear or know the things testified to;

(2)   the witness's memory;

(3)   the witness's manner while testifying;

(4)   the witness's interest in the outcome of the case, if any;

(5)   the witness's bias or prejudice, if any;

(6)   whether other evidence contradicted the witness's testimony;

(7)   the reasonableness of the witness's testimony in light of all the evidence; and

(8)   any other factors that bear on believability.

You must avoid bias, conscious or unconscious, based on a witness's race, color, religious beliefs, national ancestry, sexual orientation, gender identity, gender, or economic circumstances in your determination of credibility.

The weight of the evidence as to a fact does not necessarily depend on the number of witnesses who testify about it. What is important is how believable the witnesses are, and how much weight you think their testimony deserves.

---

[7]  *Source*: 9th Cir. Manual, § 1.7.

# 1.8  CONDUCT OF THE JURY[8]

[Stipulated]

I will now say a few words about your conduct as jurors.

First, keep an open mind throughout the trial, and do not decide what the verdict should be until you and your fellow jurors have completed your deliberations at the end of the case.

Second, because you must decide this case based only on the evidence received in the case and on my instructions as to the law that applies, you must not be exposed to any other information about the case or to the issues it involves during the course of your jury duty. Thus, until the end of the case or unless I tell you otherwise:

- Do not communicate with anyone in any way and do not let anyone else communicate with you in any way about the merits of the case or anything to do with it. This restriction includes discussing the case in person, in writing, by phone, tablet, or computer, or any other means, via email, via text messaging, or any Internet chat room, blog, website or application, including but not limited to Facebook, YouTube, Twitter, Instagram, LinkedIn, Snapchat, TikTok, or any other forms of social media. This restriction also applies to communicating with your fellow jurors until I give you the case for deliberation, and it applies to communicating with everyone else including your family members, your employer, the media or press, and the people involved in the trial, although you may notify your family and your employer that you have been seated as a juror in the case, and how long you expect the trial to last. But, if you are asked or approached in any way about your jury service or anything about this case, you must respond that you have been ordered not to discuss the matter. In addition, you must report the contact to the court.

---

[8] *Source*: 9th Cir. Manual, § 1.8.

- Because you will receive all the evidence and legal instruction you properly may consider to return a verdict: do not read, watch, or listen to any news or media accounts or commentary about the case or anything to do with it; do not do any research, such as consulting dictionaries, searching the Internet or using other reference materials; and do not make any investigation or in any other way try to learn about the case on your own. Do not visit or view any place discussed in this case, and do not use the Internet or any other resource to search for or view any place discussed during the trial. Also, do not do any research about this case, the law, or the people involved—including the parties, the witnesses or the lawyers—until you have been excused as jurors. If you happen to read or hear anything touching on this case in the media, turn away and report it to me as soon as possible.

These rules protect each party's right to have this case decided only on evidence that has been presented here in court. Witnesses here in court take an oath to tell the truth, and the accuracy of their testimony is tested through the trial process. If you do any research or investigation outside the courtroom, or gain any information through improper communications, then your verdict may be influenced by inaccurate, incomplete, or misleading information that has not been tested by the trial process. Each of the parties is entitled to a fair trial by an impartial jury, and if you decide the case based on information not presented in court, you will have denied the parties a fair trial. Remember, you have taken an oath to follow the rules, and it is very important that you follow these rules.

A juror who violates these restrictions jeopardizes the fairness of these proceedings, and a mistrial could result that would require the entire trial process to start over. If any juror is exposed to any outside information, please notify the court immediately.

## 1.9  NO TRANSCRIPT AVAILABLE TO JURY[9]

[Stipulated]

At the end of the trial, you will have to make your decision based on what you recall of the evidence. You will not have a written transcript of the trial. I urge you to pay close attention to the testimony as it is given.

---

[9] *Source*: 9th Cir. Manual, § 1.9.

## 1.10  TAKING NOTES[10]

[Stipulated]

If you wish, you may take notes to help you remember the evidence. If you do take notes, please keep them to yourself until you and your fellow jurors go to the jury room to decide the case. Do not let note-taking distract you from being attentive. When you leave court for recesses, your notes should be left in the [courtroom] [jury room] [envelope in the jury room]. No one will read your notes.

Whether or not you take notes, you should rely on your own memory of the evidence. Notes are only to assist your memory. You should not be overly influenced by your notes or those of your fellow jurors.

---

[10] *Source*: 9th Cir. Manual, § 1.10.

# 1.11  OUTLINE OF TRIAL[11]

[Stipulated]

The next phase of the trial will now begin. First, each side may make an opening statement. An opening statement is not evidence. It is simply an outline to help you understand what that party expects the evidence will show. A party is not required to make an opening statement.

The government will then present evidence and counsel for the defendant may cross-examine. Then, if the defendant chooses to offer evidence, counsel for the government may cross-examine.

After the evidence has been presented, [I will instruct you on the law that applies to the case and the attorneys will make closing arguments] [the attorneys will make closing arguments and I will instruct you on the law that applies to the case].

After that, you will go to the jury room to deliberate on your verdict.

---

[11] *Source*: 9th Cir. Manual, § 1.11.

## 1.14 QUESTIONS TO WITNESSES BY JURORS DURING TRIAL[12]

[Stipulated]

Only the lawyers and I are allowed to ask questions of witnesses. A juror is not permitted to ask questions of witnesses. [Specific reasons for not allowing jurors to ask questions may be explained.] If, however, you are unable to hear a witness or a lawyer, please raise your hand and I will correct the situation.

---

[12] *Source*: 9th Cir. Manual, § 1.14.

## 1.16 BENCH CONFERENCES AND RECESSES[13]

[Stipulated]

During the trial, I may need to take up legal matters with the attorneys privately, either by having a conference at the bench when the jury is present in the courtroom, or by calling a recess. Please understand that while you are waiting, we are working. The purpose of these conferences is not to keep relevant information from you, but to decide how certain evidence is to be treated under the rules of evidence and to avoid confusion and error.

Of course, we will do what we can to keep the number and length of these conferences to a minimum. I may not always grant an attorney's request for a conference. Do not consider my granting or denying a request for a conference as any indication of my opinion of the case or what your verdict should be.

---

[13] *Source*: 9th Cir. Manual, § 1.16.

## 2.1  CAUTIONARY INSTRUCTION—FIRST RECESS[14]

[Stipulated]

**At the End of Each Day of the Case**:

As I indicated before this trial started, you as jurors will decide this case based solely on the evidence presented in this courtroom. This means that after you leave here for the night, you must not conduct any independent research about this case, the matters in the case, the legal issues in the case, or the individuals or other entities involved in the case. This is important for the same reasons that jurors have long been instructed to limit their exposure to traditional forms of media information such as television and newspapers. You also must not communicate with anyone, in any way, about this case. And you must ignore any information about the case that you might see while browsing the Internet or your social media feeds.

**At the Beginning of Each Day of the Case**:

As I reminded you yesterday and continue to emphasize to you today, it is important that you decide this case based solely on the evidence and the law presented here. So you must not learn any additional information about the case from sources outside the courtroom. To ensure fairness to all parties in this trial, I will now ask each of you whether you have learned about or shared any information about this case outside of this courtroom, even if it was accidental.

[ALTERNATIVE 1 (in open court): if you think that you might have done so, please let me know now by raising your hand. [Wait for a show of hands]. I see no raised hands; however, if you would prefer to talk to the court privately in response to this question, please notify a member of the court's staff at the next break. Thank you for your careful adherence to my instructions.]

[ALTERNATIVE 2 (during voir dire with each juror, individually): Have you learned about or shared any information about this case outside of this courtroom? . . .

---

[14] *Source*: 9th Cir. Manual, § 2.1.

Thank you for your careful adherence to my instructions.]

## 2.3  STIPULATIONS OF FACT[15]

[Stipulated]

The parties have agreed to certain facts that have been stated to you. Those facts are now conclusively established.

---

[15] *Source*: 9th Cir. Manual, § 2.3.

## 2.4 JUDICIAL NOTICE[16]

[Stipulated]

I have decided to accept as proved that [*insert fact noticed*], even though no evidence was presented on this point[,] [because this fact is of such common knowledge]. You may accept this fact as true, but you are not required to do so.

---

[16] *Source*: 9th Cir. Manual, § 2.4.

## 2.6 TRANSCRIPT OF RECORDING IN ENGLISH[17]

[Stipulated]

You [are about to [hear][watch] [have heard] [watched]] a recording that has been received in evidence. [Please listen to it very carefully.] In some instances, you may be given a transcript of the recording to help you identify speakers and as a guide to help you listen to the recording. However, bear in mind that the recording is the evidence, not the transcript. If you [hear][heard] something different from what [appears][appeared] in the transcript, what you [hear][heard] is controlling. [[After] [Now that] the recording has been played, the transcript will be taken from you.]

---

[17] *Source*: 9th Cir. Manual, § 2.6.

## 2.12  EVIDENCE FOR A LIMITED PURPOSE[18]

[Stipulated]

You are about to hear evidence that [*describe evidence to be received for limited purpose*]. I instruct you that this evidence is admitted only for the limited purpose of [*describe purpose*] and, therefore, you must consider it only for that limited purpose and not for any other purpose.

---

[18]  *Source*: 9th Cir. Manual, § 2.12.

### 3.1 STATEMENT BY DEFENDANT[19]

[Stipulated]

You have heard testimony that the defendant made a statement. It is for you to decide (1) whether the defendant made the statement, and (2) if so, how much weight to give to it. In making those decisions, you should consider all the evidence about the statement, including the circumstances under which the defendant may have made it.

---

[19] *Source*: 9th Cir. Manual, § 3.3.

### 3.8  IMPEACHMENT EVIDENCE—WITNESS[20]

[Stipulated]

You have heard evidence that [name of witness], a witness, [specify basis for impeachment]. You may consider this evidence in deciding whether or not to believe this witness and how much weight to give to the testimony of this witness.

Such opinion testimony should be judged like any other testimony. You may accept it or reject it, and give it as much weight as you think it deserves, considering the witness's education and experience, the reasons given for the opinion, and all the other evidence in the case.

---

[20] *Source*: 9th Cir. Manual, § 3.8.

### 3.14  OPINION EVIDENCE, EXPERT WITNESS (As Needed)[21]

[Stipulated]

You [have heard] [are about to hear] testimony from [*name*] who [testified] [will testify] to opinions and the reasons for [his] [her] opinions. This opinion testimony is allowed because of the education or experience of this witness.

Such opinion testimony should be judged like any other testimony.  You may accept it or reject it, and give it as much weight as you think it deserves, considering the witness's education and experience, the reasons given for the opinion, and all the other evidence in the case.

---

[21] *Source*: 9th Cir. Manual, § 3.14.

**3.15 DUAL ROLE TESTIMONY**[22]

[Stipulated]

You [have heard] [are about to hear] testimony from [name] who [testified] [will testify] to both facts and opinions and the reasons for [his] [her] opinions.

Fact testimony is based on what the witness saw, heard or did. Opinion testimony is based on the education or experience of the witness.

As to the testimony about facts, it is your job to decide which testimony to believe and which testimony not to believe. You may believe everything a witness says, or part of it, or none of it. [Take into account the factors discussed earlier in these instructions that were provided to assist you in weighing the credibility of witnesses.]

As to the testimony about the witness's opinions, this opinion testimony is allowed because of the education or experience of this witness. Opinion testimony should be judged like any other testimony. You may accept all of it, part of it, or none of it. You should give it as much weight as you think it deserves, considering the witness's education and experience, the reasons given for the opinion, and all the other evidence in the case.

_____

[22] *Source*: 9th Cir. Manual, § 3.15.

### 3.16 CHARTS AND SUMMARIES NOT ADMITTED INTO EVIDENCE[23]

[Stipulated]

During the trial, certain charts and summaries were shown to you to help explain the evidence in the case. These charts and summaries were not admitted into evidence and will not go into the jury room with you. They are not themselves evidence or proof of any facts. If they do not correctly reflect the facts or figures shown by the evidence in the case, you should disregard these charts and summaries and determine the facts from the underlying evidence.

---

[23] *Source*: 9th Cir. Manual, § 3.16.

### 3.17 CHARTS AND SUMMARIES ADMITTED INTO EVIDENCE[24]

[Stipulated]

Certain charts and summaries have been admitted into evidence. Charts and summaries are only as good as the underlying supporting material. You should, therefore, give them only such weight as you think the underlying material deserves.

---

[24] *Source*: 9th Cir. Manual, § 3.17.

## 4.8 KNOWINGLY[25]

[Stipulated]

An act is done knowingly if the defendant is aware of the act and does not [act] [fail to act] through ignorance, mistake, or accident. [The government is not required to prove that the defendant knew that [his] [her] acts or omissions were unlawful.] You may consider evidence of the defendant's words, acts, or omissions, along with all the other evidence, in deciding whether the defendant acted knowingly.

---

[25] *Source*: 9th Cir. Manual, § 4.8.

**4.13 INTENT TO DEFRAUD**[26]

[Stipulated]

An intent to defraud is an intent to deceive and cheat.

---

[26] *Source*: 9th Cir. Manual, § 4.13.

## 6.1 DUTIES OF JURY TO FIND FACTS AND FOLLOW LAW [27]

### [Stipulated]

Members of the jury, now that you have heard all the evidence, it is my duty to instruct you on the law that applies to this case. A copy of these instructions will be available in the jury room for you to consult.

It is your duty to weigh and to evaluate all the evidence received in the case and, in that process, to decide the facts. It is also your duty to apply the law as I give it to you to the facts as you find them, whether you agree with the law or not. You must decide the case solely on the evidence and the law. You will recall that you took an oath promising to do so at the beginning of the case. You should also not be influenced by any person's race, color, religious beliefs, national ancestry, sexual orientation, gender identity, gender, or economic circumstances. Also, do not allow yourself to be influenced by personal likes or dislikes, sympathy, prejudice, fear, public opinion, or biases, including unconscious biases. Unconscious biases are stereotypes, attitudes, or preferences that people may consciously reject but may be expressed without conscious awareness, control, or intention.

You must follow all these instructions and not single out some and ignore others; they are all important. Please do not read into these instructions or into anything I may have said or done any suggestion as to what verdict you should return—that is a matter entirely up to you.

---

[27] *Source*: 9th Cir. Manual, § 6.1.

## 6.2 CHARGE AGAINST DEFENDANT NOT EVIDENCE—PRESUMPTION OF INNOCENCE—BURDEN OF PROOF [28]

### [Stipulated]

The indictment is not evidence. The defendant has pleaded not guilty to the charges. The defendant is presumed to be innocent unless and until the government proves the defendant guilty beyond a reasonable doubt. In addition, the defendant does not have to testify or present any evidence. The defendant does not have to prove innocence; the government has the burden of proving every element of the charges beyond a reasonable doubt.

---

[28] *Source*: 9th Cir. Manual, § 6.2.

## 6.3 DEFENDANT'S DECISION NOT TO TESTIFY[29]

[Stipulated]

A defendant in a criminal case has a constitutional right not to testify. In arriving at your verdict, the law prohibits you from considering in any manner that the defendant did not testify.

---

[29] *Source*: 9th Cir. Manual, § 6.3.

## 6.4 DEFENDANT'S DECISION TO TESTIFY[30]

[Stipulated]

The defendant has testified. You should treat this testimony just as you would the testimony of any other witness.

---

[30] *Source*: 9th Cir. Manual, § 6.4.

## 6.5 REASONABLE DOUBT—DEFINED [31]

### [Stipulated]

Proof beyond a reasonable doubt is proof that leaves you firmly convinced the defendant is guilty. It is not required that the government prove guilt beyond all possible doubt.

A reasonable doubt is a doubt based upon reason and common sense and is not based purely on speculation. It may arise from a careful and impartial consideration of all the evidence, or from lack of evidence.

If after a careful and impartial consideration of all the evidence, you are not convinced beyond a reasonable doubt that the defendant is guilty, it is your duty to find the defendant not guilty. On the other hand, if after a careful and impartial consideration of all the evidence, you are convinced beyond a reasonable doubt that the defendant is guilty, it is your duty to find the defendant guilty.

---

[31] *Source*: 9th Cir. Manual, § 6.5.

1

**6.6 WHAT IS EVIDENCE**[32]

2

[Stipulated]

3

The evidence you are to consider in deciding what the facts are consists of:

4

First, the sworn testimony of any witness; [and]

5

Second, the exhibits received in evidence[.] [; and]

6

[Third, any facts to which the parties have agreed.].

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

---

[32] *Source*: 9th Cir. Manual, § 6.6.

## 6.7 WHAT IS NOT EVIDENCE [33]

### [Stipulated]

In reaching your verdict you may consider only the testimony and exhibits received in evidence. The following things are not evidence, and you may not consider them in deciding what the facts are:

1. Questions, statements, objections, and arguments by the lawyers are not evidence. The lawyers are not witnesses. Although you must consider a lawyer's questions to understand the answers of a witness, the lawyer's questions are not evidence. Similarly, what the lawyers have said in their opening statements, [will say in their] closing arguments, and [have said] at other times is intended to help you interpret the evidence, but it is not evidence. If the facts as you remember them differ from the way the lawyers state them, your memory of them controls.

2. Any testimony that I have excluded, stricken, or instructed you to disregard is not evidence. [In addition, some evidence was received only for a limited purpose; when I have instructed you to consider certain evidence in a limited way, you must do so.]

3. Anything you may have seen or heard when the court was not in session is not evidence. You are to decide the case solely on the evidence received at the trial.,

---

[33] *Source*: 9th Cir. Manual, § 6.7.

## 6.8 DIRECT AND CIRCUMSTANTIAL EVIDENCE [34]

[Stipulated]

Evidence may be direct or circumstantial. Direct evidence is direct proof of a fact, such as testimony by a witness about what that witness personally saw or heard or did. Circumstantial evidence is indirect evidence, that is, it is proof of one or more facts from which you can find another fact. You are to consider both direct and circumstantial evidence. Either can be used to prove any fact. The law makes no distinction between the weight to be given to either direct or circumstantial evidence. It is for you to decide how much weight to give to any evidence.

---

[34] *Source*: 9th Cir. Manual, § 6.8.

# 6.9 CREDIBILITY OF WITNESSES[35]

## [Stipulated]

In deciding the facts in this case, you may have to decide which testimony to believe and which testimony not to believe. You may believe everything a witness says, or part of it, or none of it.

In considering the testimony of any witness, you may take into account the following:

First, the opportunity and ability of the witness to see or hear or know the things testified to;

Second, the witness's memory;

Third, the witness's manner while testifying;

Fourth, the witness's interest in the outcome of the case, if any;

Fifth, the witness's bias or prejudice, if any;

Sixth, whether other evidence contradicted the witness's testimony;

Seventh, the reasonableness of the witness's testimony in light of all the evidence; and

Eighth, any other factors that bear on believability.

Sometimes a witness may say something that is not consistent with something else he or she said. Sometimes different witnesses will give different versions of what happened. People often forget things or make mistakes in what they remember. Also, two people may see the same event but remember it differently. You may consider these differences, but do not decide that testimony is untrue just because it differs from other testimony.

However, if you decide that a witness has deliberately testified untruthfully about something important, you may choose not to believe anything that witness said. On the

---

[35] *Source*: 9th Cir. Manual, § 6.9.

other hand, if you think the witness testified untruthfully about some things but told the truth about others, you may accept the part you think is true and ignore the rest.

The weight of the evidence as to a fact does not necessarily depend on the number of witnesses who testify. What is important is how believable the witnesses were, and how much weight you think their testimony deserves.

# 6.10 ACTIVITIES NOT CHARGED[36]

[Stipulated]

You are here only to determine whether the defendant is guilty or not guilty of the charges in the indictment. The defendant is not on trial for any conduct or offense not charged in the indictment.

---

[36] *Source*: 9th Cir. Manual, § 6.10.

## 6.11 SEPARATE CONSIDERATION OF MULTIPLE COUNTS—SINGLE DEFENDANT[37]

### [Stipulated]

A separate crime is charged against the defendant in each count. You must decide each count separately. Your verdict on one count should not control your verdict on any other count.

---

[37] *Source*: 9th Cir. Manual, § 6.11.

## 6.18 ON OR ABOUT—DEFINED[38]

[Stipulated]

The indictment charges that the offense alleged in Counts 1–17 was committed "on or about" a certain date. Although it is necessary for the government to prove beyond a reasonable doubt that the offense was committed on a date reasonably near the date alleged in Counts 1–17 of the indictment, it is not necessary for the government to prove that the offense was committed precisely on the date charged.

---

[38] *Source*: 9th Cir. Manual, § 6.18.

## 6.19 DUTY TO DELIBERATE[39]

### [Stipulated]

When you begin your deliberations, elect one member of the jury as your [presiding juror] [foreperson] who will preside over the deliberations and speak for you here in court. You will then discuss the case with your fellow jurors to reach agreement if you can do so. Your verdict, whether guilty or not guilty, must be unanimous.

Each of you must decide the case for yourself, but you should do so only after you have considered all the evidence, discussed it fully with the other jurors, and listened to the views of your fellow jurors.

Do not be afraid to change your opinion if the discussion persuades you that you should. But do not come to a decision simply because other jurors think it is right.

It is important that you attempt to reach a unanimous verdict but, of course, only if each of you can do so after having made your own conscientious decision. Do not change an honest belief about the weight and effect of the evidence simply to reach a verdict.

Perform these duties fairly and impartially. You should also not be influenced by any person's race, color, religious beliefs, national ancestry, sexual orientation, gender identity, gender, or economic circumstances. Also, do not allow yourself to be influenced by personal likes or dislikes, sympathy, prejudice, fear, public opinion, or biases, including unconscious biases. Unconscious biases are stereotypes, attitudes, or preferences that people may consciously reject but may be expressed without conscious awareness, control, or intention.

It is your duty as jurors to consult with one another and to deliberate with one another with a view towards reaching an agreement if you can do so. During your deliberations, you should not hesitate to reexamine your own views and change your opinion if you become persuaded that it is wrong.

---

[39] *Source*: 9th Cir. Manual, § 6.19.

## 6.20 CONSIDERATION OF EVIDENCE—CONDUCT OF THE JURY[40]

### [Stipulated]

Because you must base your verdict only on the evidence received in the case and on these instructions, I remind you that you must not be exposed to any other information about the case or to the issues it involves. Except for discussing the case with your fellow jurors during your deliberations:

> Do not communicate with anyone in any way and do not let anyone else communicate with you in any way about the merits of the case or anything to do with it. This restriction includes discussing the case in person, in writing, by phone, tablet, computer, or any other means, via email, text messaging, or any Internet chat room, blog, website or any other forms of social media. This restriction applies to communicating with your family members, your employer, the media or press, and the people involved in the trial. If you are asked or approached in any way about your jury service or anything about this case, you must respond that you have been ordered not to discuss the matter and to report the contact to the court.

> Do not read, watch, or listen to any news or media accounts or commentary about the case or anything to do with it; do not do any research, such as consulting dictionaries, searching the Internet or using other reference materials; and do not make any investigation or in any other way try to learn about the case on your own.

The law requires these restrictions to ensure the parties have a fair trial based on the same evidence that each party has had an opportunity to address. A juror who violates these restrictions jeopardizes the fairness of these proceedings, and a mistrial could result that would require the entire trial process to start over. If any juror is exposed to any outside information, please notify the court immediately.

---

[40] *Source*: 9th Cir. Manual, § 6.20.

## 6.21 USE OF NOTES[41]

### [Stipulated]

Some of you have taken notes during the trial. Whether or not you took notes, you should rely on your own memory of what was said. Notes are only to assist your memory. You should not be overly influenced by your notes or those of your fellow jurors.

---

[41] *Source*: 9th Cir. Manual, § 6.21.

## 6.22 JURY CONSIDERATION OF PUNISHMENT[42]

[Stipulated]

The punishment provided by law for this crime is for the court to decide. You may not consider punishment in deciding whether the government has proved its case against the defendant beyond a reasonable doubt.

---

[42] *Source*: 9th Cir. Manual, § 6.22.

## 6.23 VERDICT FORM[43]

[Stipulated]

A verdict form has been prepared for you. [Explain verdict form as needed.] After you have reached unanimous agreement on a verdict, your [presiding juror] [foreperson] should complete the verdict form according to your deliberations, sign and date it, and advise the [clerk] [bailiff] that you are ready to return to the courtroom.

---

[43] *Source*: 9th Cir. Manual, § 6.23.

# 6.24 COMMUNICATION WITH COURT[44]

## [Stipulated]

If it becomes necessary during your deliberations to communicate with me, you may send a note through the [clerk] [bailiff], signed by any one or more of you. No member of the jury should ever attempt to communicate with me except by a signed writing, and I will respond to the jury concerning the case only in writing or here in open court. If you send out a question, I will consult with the lawyers before answering it, which may take some time. You may continue your deliberations while waiting for the answer to any question. Remember that you are not to tell anyone—including me—how the jury stands, numerically or otherwise, on any question submitted to you, including the question of the guilt of the defendant, until after you have reached a unanimous verdict or have been discharged.

---

[44] *Source*: 9th Cir. Manual, § 6.24.

# 15.35 WIRE FRAUD (18 U.S.C. 1343)[45]

The defendant is charged in Counts 1–4 of the indictment with wire fraud in violation of Section 1343 of Title 18 of the United States Code. For the defendant to be found guilty of that charge, the government must prove each of the following elements beyond a reasonable doubt:

First, the defendant knowingly devised or intended to devise a scheme or plan to defraud, or a scheme or plan for obtaining money or property by means of false or fraudulent pretenses, representations, promises, or omitted facts. Deceitful statements of half-truths may constitute false or fraudulent representations;

Second, the statements made or facts omitted as part of the scheme were material; that is, they had a natural tendency to influence, or were capable of influencing, a person to part with money or property;

Third, the defendant acted with the intent to defraud, that is, the intent to deceive and cheat; and

Fourth, the defendant used, or caused to be used, an interstate or foreign wire communication to carry out or attempt to carry out an essential part of the scheme.

In determining whether a scheme to defraud exists, you may consider not only the defendant's words and statements but also the circumstances in which they are used as a whole.

To convict a defendant of wire fraud based on omissions of material facts, you must find that a defendant had a duty to disclose the omitted facts arising out of a relationship of trust. That duty can arise either out of a formal fiduciary relationship, or an informal, trusting relationship in which one party acts for the benefit of another and induces the trusting party to relax the care and vigilance that it would ordinarily exercise.

A wiring is caused when one knows that a wire will be used in the ordinary course

---

[45]*Source*: 9th Cir. Manual, § 15.35.

of business or when one can reasonably foresee such use.

It need not have been reasonably foreseeable to the defendant that the wire communication would be interstate or foreign in nature. Rather, it must have been reasonably foreseeable to the defendant that some wire communication would occur in furtherance of the scheme, and an interstate or foreign wire communication must have actually occurred in furtherance of the scheme.

**Defendant proposes the following addition**: **To convict a defendant of wire fraud, a defendant must act with the intent not only to make false statements, but also to deprive another of money or property by means of those deceptions.[46]**

**Government's response:  The Model Instruction was updated in 2021 to incorporate the Ninth Circuit's ruling in _United States v. Miller_, which is the basis for Defendant's proposed addition.  The Court will also be instructing the jury on Intent to Defraud.  _See_ Model Instruction 4.13.  As a result, the proposed addition is redundant and unnecessary.**

---

[46] As modified, _United States v Miller,_ 953 F.3d 1095,1101 (9th Cir.2020).

**18.7 TRANSACTIONAL MONEY LAUNDERING (18 U.S.C. 1957)**[47]

[Stipulated]

The defendant is charged in Counts 5-8 of the indictment with money laundering in violation of Section 1957 of Title 18 of the United States Code. For the defendant to be found guilty of that charge, the government must prove each of the following elements beyond a reasonable doubt:

First, the defendant knowingly engaged or attempted to engage in a monetary transaction;

Second, the defendant knew the transaction involved criminally derived property;

Third, the property had a value greater than $10,000;

Fourth, the property was, in fact, derived from wire fraud; and

Fifth, the transaction occurred in the United States.

The term "monetary transaction" means the deposit, withdrawal, or transfer, in or affecting interstate commerce, of funds or a monetary instrument by, through, or to a financial institution.

The term "financial institution" means a federally insured bank.

The term "criminally derived property" means any property constituting, or derived from, the proceeds obtained from a criminal offense. The government must prove that the defendant knew that the property involved in the monetary transaction constituted, or was derived from, proceeds obtained by some criminal offense. The government does not have to prove that the defendant knew the precise nature of that criminal offense, or knew the property involved in the transaction represented the proceeds of wire fraud.

Although the government must prove that, of the property at issue, more than $10,000 was criminally derived, the government does not have to prove that all the property at issue was criminally derived

---

[47]*Source*: 9th Cir. Manual, § 18.7.

Respectfully submitted this 13th day of March, 2023.

GARY M. RESTAINO
United States Attorney
District of Arizona

*s/ Seth T. Goertz*
ANDREW C. STONE
SETH GOERTZ
Assistant U.S. Attorneys

*s/ Seth T. Goertz (with permission)*
MARK BERARDONI
Attorney for Defendant – Dale L. Hipes

**CERTIFICATE OF SERVICE**

I hereby certify that on the 13th day of March, 2023, I electronically transmitted the attached document to the Clerk's Office using the CM/ECF System and caused a copy to be electronically to following CM/ECF registrants:

Mark Berardoni
*Attorney for Defendant*

*s/ Seth T. Goertz*
U.S. Attorney's Office